MAE VESTAL V. STATE

No. 27,801. November 16, 1955

*Charles E. Tobin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jerry Shivers, Charles S. Potts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for passing a forged instrument; the punishment, 5 years in the penitentiary.

The forged check was presented by appellant to Mary Irvin, a checker in a Safeway Store in Dallas, in payment for groceries she had selected for purchase.

Mary Irvin was not acquainted with appellant, and, under the company rules, was not authorized to cash the check without it being "okayed" by her superior. Appellant was, for that reason, directed to John R. Taylor, Assistant Manager (or "relief store manager" as he put it) who was a few steps away.

Mr. Taylor inspected the check and the driver's license exhibited by appellant for identification purposes, noted the license number on the check, conversed with appellant regarding her address, her occupation and concerning the name signed to the check. He then "okayed" the check under his signature and returned it to appellant.

Appellant then took the check back to Mary Irvin, received the groceries and the cash representing the difference between the price of the groceries and the amount of the check.

The indictment alleged that the forged check was passed as true to John R. Taylor, and the principal ground for reversal relates to the contention that the check was passed to Mary Irvin and not to Taylor. The variance is claimed to be fatal, and the court declined to submit the issue to the jury.

The state, in its brief, urges that the proof is sufficient, the theory being that Mary Irvin was merely acting in a clerical capacity under the direction and authority of John R. Taylor, and as a matter of law the check was passed to Taylor. No authority is cited to support this contention.

Mr. Taylor testified that he did not cash the check and that it was cashed by Mary Irvin after he had "okayed" it.

Appellant requested that the fact issue be submitted to the jury as to whether the check was passed to Mary Irvin and not to John R. Taylor. The case of Lasister v. State, 49 Texas Cr. R. 532, 94 S.W. 233, appears to be authority for appellant's contention that such a charge should have been given. See also Beltran v. State, 144 Texas Cr. R. 338, 163 S.W. 2d 211.

Unless the state is correct in the contention that as a matter of law the facts show that the forged check was passed to Taylor, the conviction cannot stand because of the variance between the allegation in the indictment and the proof.

It is well settled that in a prosecution for passing a forged instrument to one person, proof that it was passed upon a third party will not sustain a conviction. Morris v. State, 52 Texas Cr. R. 288, 106 S.W. 383; Brown v. State, 71 Texas Cr. R. 45, 158 S.W. 533; Huntly v. State, 34 S.W. 923; White v. State, 155 Texas Cr. R. 303, 234 S.W. 2d 876.

The check was not passed to Mr. Taylor when delivered to him for his "O.K.," as it was returned to appellant, who then carried it to Mary Irvin. Under the holding in White v. State, 155 Texas Cr. R. 303, 234 S.W. 2d 876, it is doubtful that the facts here are sufficient to show even an attempt to pass the check to Mr. Taylor.

We conclude that the evidence is not sufficient to sustain the allegation that appellant passed a forged check to John R. Taylor as alleged in the indictment.

The judgment is reversed and the cause is remanded.