**Andrew ROACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58094.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 10, 1979.

Robert R. Farmer, Freeport, for appellant.

Ogden L. Bass, Jr., Dist. Atty. and Doyle W. Neighbours, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for forgery by passing. V.T.C.A. Penal Code, Sec. 32.21(a)(1)(B). Punishment, enhanced by two prior felony convictions, was assessed at life. V.T.C.A. Penal Code, Sec. 12.42(d).

Cotton Nixon testified that he was the pharmacist at the Willenberg Pharmacy in Freeport at the time of the offense. Appellant entered the pharmacy on May 17, 1976, and purchased a bottle of cologne. Appellant paid for the cologne with an American Express money order in the amount of $71.23. Nixon gave appellant approximately $60.00 in change after cashing the money order and deducting the price of the cologne. Nixon later learned that the money order had originally been issued in the amount of $1.23, but had been altered to reflect a face value of $71.23. Appellant did not testify or present any witnesses.

■ In his first ground of error, appellant contends that there is a fatal variance between the indictment and proof at trial with regard to the complainant's name. The indictment alleges that appellant passed the money order to "Cotton Nixon." At trial, the complainant testified that his name was "Clarence Edward Nixon, Jr., Cotton." The court's charge used the name "Cotton Nixon."

When a person is generally known by one name, or is known by that name as well as another, either name may be used in an indictment. *Dears v. State,* Tex.Cr.App., 465 ·S.W.2d 376, and *Hammond v. State,* Tex.Cr., 465 S.W.2d 748. It appears as though "Cotton" was Nixon's nickname. His testimony at trial indicates that he was known as "Cotton." We conclude that there was sufficient proof for the jury to find that the complainant was known as Cotton Nixon. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that there is a fatal variance between the allegations of the indictment and the proof at trial. The indictment alleges that appellant passed the money order to Cotton Nixon. Appellant maintains that the proof at trial revealed that the money order was passed to a salesgirl rather than Nixon.

The record does not support appellant's contention. Nixon testified that appellant initially presented the money order to a salesgirl who informed appellant that Nixon would have to authorize cashing the money order. After identifying the money order presented by appellant, Nixon testified:

"Q. Is that the money order that you cashed for him on the 17th day of May, 1976?

"A. Yes.

"Q. In what amount did that money order appear to be at the time you cashed it?

"A. $71.23.

"Q. $71.23?

"A. Right.

"Q. And did you in fact give him cash money in return for that?

"A. Yes, the difference between the merchandise and that."

Appellant's reliance on *Vestal v. State,* 162 Tex.Cr.R. 223, 283 S.W.2d 955, is mis-

placed. In *Vestal,* the defendant had a check "okayed" by an assistant manager of a grocery store. The defendant then presented the check to a cashier who cashed it. The indictment alleged that the defendant passed the check to the assistant manager. We held that the proof was at variance with the allegation in the indictment. In the instant case, although appellant initially presented the money order to a salesgirl, Nixon both authorized payment and gave appellant cash in return for the money order. There being no variance, the ground of error is overruled.

█ In his third ground of error, appellant contends that the trial court erred in allowing the State to introduce evidence of seven alleged extraneous offenses. State's Exhibit No. 2 is a sales slip for American Express money orders reflecting the sale of twenty money orders by serial number and dollar amount. The sales slip reflects that the money order (No. 25–457–697–668) passed by appellant to Nixon was originally issued in the amount of $1.23. The slip further reflects that the preceding seven money orders had also been issued in the amount of $1.23. Appellant maintains that it was error for the trial court to allow the entire sales slip into evidence reflecting that eight money orders had been purchased in the amount of $1.23 when appellant was shown to have passed only one of the eight money orders.

An accused may not be tried for some collateral crime or for being a criminal generally. *Jones v. State,* Tex.Cr.App., 568 S.W.2d 847. However, there must be some type of inadmissible evidence presented of the accused's prior criminal conduct for error to be present. See, *Albrecht v. State,* Tex.Cr.App., 486 S.W.2d 97.

The sales slip admitted into evidence in no way proved an extraneous offense. It was not shown that any of the seven $1.23 money orders were altered, appellant was not shown to have passed any of the other money orders, nor was appellant shown to have purchased the money orders. No error is shown.

In his pro se brief, appellant contends that the indictment is fundamentally defective. No motion to quash was filed in the trial court. The indictment alleges in pertinent part:

"... did then and there with intent to defraud and harm another pass as true to Cotton Nixon a false and forged instrument in writing, which had theretofore been made without lawful authority, and with intent to defraud, and was then of the tenor following: (at this point, the indictment set out in its entirety an American Express money order in the amount of $71.23 with appellant named as payee and John Young named as maker) And which said instrument in writing the same Defendant then and there well knowing to be false and forged, he the said Defendant did pass the same as true with intent to defraud and harm."

█ Appellant maintains that the indictment is fundamentally defective for failing to allege that the writing passed "purported to be the act of another who did not authorize that act." See, V.T.C.A. Penal Code, Sec. 32.21(a)(1)(A)(i).

The element of forgery under Art. 979, V.A.P.C. (1925) of "without lawful authority" has been brought forward in V.T.C.A. Penal Code, Sec. 32.21(a)(1)(A)(i), which requires that the purported maker "did not authorize that act" of making the writing. *Minix v. State,* Tex.Cr.App., 579 S.W.2d 466 (Opinion on State's Motion for Rehearing) and *Landry v. State,* Tex.Cr.App., 583 S.W.2d 620 (1979, Opinion on Appellant's Motion for Rehearing).

Article 21.17, V.A.C.C.P. provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Thus, the exact words of the statute need not be alleged when there is no material difference between the words of the statute and the allegations of the indictment. *Church v. State,* Tex.Cr.App., 552 S.W.2d 138, and *Nixon v. State,* Tex.Cr.App., 572

S.W.2d 699. We conclude that there is no material difference between the phrases "without lawful authority" and "did not authorize that act."

■ Having found that the "unauthorized act" element of appellant's indictment was satisfied, we must still address the "purport" element. When a forgery indictment fails to allege that the writing "purported to be the act of another," the purport element may nevertheless be supplied by relying on the "purport rule" that rests on setting out the forged instrument in the indictment in *haec verba.* *Minix v. State,* supra. Thus, when an indictment alleges the attempt to pass a forged instrument and sets out the forged instrument by its tenor showing the maker's name to be different from that of the payee, it is not necessary to allege that the act purported to be the act of another. *Wisdom v. State,* 122 Tex.Cr.R. 271, 54 S.W.2d 533, and *Biering v. State,* 159 Tex.Cr.R. 331, 263 S.W.2d 558. We conclude that the purport element was supplied in appellant's indictment by setting out the forged money order allegedly made by John Young and payable to appellant.

Although appellant's indictment is not a model pleading, it is not fundamentally defective.

The judgment is affirmed.