**Lionel Albert GUERRERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00046–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

F. J. Stenberg, San Antonio, for appellant.

Bill White, Dist. Atty., Gregory S. Lang, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

OPINION

ESQUIVEL, Justice.

Appellant Lionel Albert Guerrero files this appeal from a conviction for forgery by passing pursuant to Tex.Penal Code Ann. § 32.21(a)(1)(B). (Vernon 1974).

Appellant was found guilty by a jury and found to have been convicted of two previous felonies as alleged in the indictment. His punishment was assessed at life imprisonment.

We observe that there is a variance between the allegations set forth in the indictment and the proof offered during the trial by the State. We therefore agree with

appellant's contention that the evidence is insufficient to sustain the conviction.

The indictment, with the formal parts omitted, reads as follows:

... on or about the 7th day of January, A.D., 1978, LIONEL ALBERT GUERRERO hereinafter called defendant did then and there knowingly and intentionally with intent to defraud and harm another, PASS TO JOHNNIE SANCHEZ a WRITING, NAMELY: A CHECK, ....

The evidence presented by the State consisted of a witness, Richard Overfield, who testified that some unnumbered checks were taken from his apartment in a burglary in December, 1977, that the signature of the maker on State's Exhibit 6[1] was not his signature, and that he did not authorize anyone to make out State's Exhibit 6 or sign his name to it. Another witness for the State, Johnnie Sanchez, testified that he was the owner of J & A Ice House in San Antonio, that he did not accept or cash State's Exhibit 6, and that State's Exhibit 6 was accepted and cashed by his manager, Jose Ricondo. Jose Ricondo subsequently testified that *he* accepted and cashed the check in question when it was presented to him by the appellant sometime in January, 1978, and that State's Exhibit 6 was the only check he had ever cashed for appellant.

It is well settled that, in a prosecution for passing a forged instrument to one person, proof that the instrument was passed to a third party will not sustain a conviction. *Vestal v. State*, 162 Tex.Cr.R. 223, 283 S.W.2d 955, 956 (1955); *Beltran v. State*, 144 Tex.Cr.R. 388, 163 S.W.2d 211 (1942). *See Pitt v. State*, 172 Tex.Cr.R. 637, 362 S.W.2d 117 (1962). The evidence clearly shows that State's Exhibit 6 was passed by appellant to Jose Ricondo and not to Johnnie Sanchez, the person named in the indictment. Accordingly, we hold that the evidence in this case is insufficient to support the judgment of conviction.

We reverse the judgment of the trial court and reform the judgment to reflect an acquittal. *Greene v. Massey*, 437 U.S.

19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Young v. State*, 622 S.W.2d 99 (Tex.Crim.App.1981).

---

**1.** State's Exhibit 6 was the check that was the subject of the offense stated in the indictment.