Donald Earl **WOODARD**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–85–314–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 10, 1985.

Rehearing Denied Nov. 7, 1985.

Don Fidler, San Antonio, for appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction for forgery by passing. TEX.PENAL CODE ANN. § 32.21(a)(1)(B) (Vernon 1974). The trial court found appellant guilty and assessed punishment, enhanced by two prior felony convictions, at 20 years in the Texas Department of Corrections and a five thousand dollar fine.

Appellant was indicted for passing a forged check to Mary E. Creek. Mary Creek, a motor bank teller at the National Bank of Fort Sam Houston, testified that on the date of the offense, she was assisting a new teller, Phyliss Garcia. Garcia received a deposit slip and check from appellant through one of the drive-in lanes, and referred it to Mary Creek. Creek became concerned that the person presenting the check was not customer Marcus Williams, alleged payee of the check. Creek requested identification and asked which person in the car purported to be Marcus Williams. Appellant produced a military I.D. Creek examined the I.D. and determined the photograph was that of Marcus Williams but that the person who handed her the I.D. and presented the questionable check was not Marcus Williams.

In his first ground of error, appellant contends that there is a fatal variance between the indictment and proof as to which person appellant passed the forged check. Appellant contends the proof shows the check was passed to Phyliss Garcia rather than Mary Creek.

■ *Roach v. State*, 586 S.W.2d 866 (Tex.Crim.App.1979) controls the disposition of this case. Appellant's reliance on *Stanley v. State*, 646 S.W.2d 447, 448 (Tex. Crim.App.1983); *Vestal v. State*, 162 Tex. Cr.R. 223, 283 S.W.2d 955 (1955); *White v. State*, 155 Tex.Cr.R. 303, 234 S.W.2d 876 (1950); and *Guerrero v. State*, 626 S.W.2d 875 (Tex.App.—San Antonio 1981, no pet.); are misplaced.[1] In *Roach*, although the defendant initially presented the money order to a salesgirl, Nixon (the third party) both authorize payment and gave appellant cash in return for the money order. The Court held there was no variance. *Roach* at 868. In the case at bar, as in *Roach*, although the accused initially presented the check to someone not alleged in the indict-

---

1. Appellant cites these cases for the proposition that in a prosecution for passing a forged document to one person proof that the instrument was passed to a third party will not sustain a conviction. Each case is distinguishable from the case at bar. In each of those cases, the indictment alleged the defendant passed a check to a third party who (1) did not accept or cash the check, (*see Guerrero* at 876); (2) merely "okayed" or approved the check (*see Stanley, Vestal*); or (3) was misnamed as the person to whom the check was presented, and the State's attorney conceded the variance (*see White*).

ment, it was the person alleged in the indictment who acted upon and handled the transaction. Mary E. Creek accepted the check, initialed and dated the check, asked the person purporting to be Marcus Williams to identify himself, checked the account number on the computer, called the Senior Vice President, Leon Carter, and sent the items (check, deposit slip, identification) to Carter in the main lobby. Phyliss Garcia merely opened the pneumatic tube sent from the drive-up position; Mary Creek handled the transaction. The evidence establishes that appellant passed a forged writing to Mary E. Creek. There being no variance, appellant's first ground of error is overruled.

In his second ground of error, appellant alleges the trial court committed fundamental error by erroneously applying the law to the facts in the court's charge, thus allowing a conviction for an offense not alleged in the indictment.

The indictment alleges in pertinent part that appellant:

"did then and there knowingly and intentionally with intent to defraud and harm another, PASS TO MARY E. CREEK, a writing, namely: a CHECK that had been MADE, EXECUTED AND COMPLETED so that it purported to be the act of another who did not authorize the act, and the said defendant knew said CHECK to be forged and which said CHECK is to the tenor following:

Illegible marks across the face of said instrument were added after it was passed to MARY E. CREEK.

(A copy of the check set out on the indictment in haec verba ...):"

The trial court submitted the following charge in applying the law to the facts:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Donald Earl Woodard, did, knowingly or intentionally in Bexar County, Texas, on or about October 20, 1980, with intent to defraud or harm another, pass to Mary E. Creek a check that had been made, executed or completed so that it purported to be the act of

another, who did not authorize the act, and the said Donald Earl Woodard knew said check to be forged, you will find the defendant guilty of the offense of forgery. If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

■ Appellant's counsel at trial made no objections to the court's original charge or to any supplemental charges. Any error in the charge must therefore be fundamental to require reversal, and reversal will be obtained only if the error created such harm that appellant was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.* at 171.

■ There is no question regarding the identity of the check itself. Sherry Rusk identified State's Exhibit 2 as one of the checks stolen from her on October 19, 1980. Mary Creek identified the check marked State's Exhibit 2 as the same check passed to her by the appellant on October 20, 1980. Teresa Boeck, supervisor of the motor bank on the date of the alleged offense, also identified State's Exhibit 2 as the forged check in question. The exhibit matches the description read for the record by Mary Creek. The check was set out in the indictment *in haec verba* and was the only check introduced and admitted into evidence. *Howell v. State*, 627 S.W.2d 836, 837 (Tex.App.—Fort Worth 1982, pet. ref'd). Appellant neither objected to nor requested that the exact wording of the check be included in the charge, nor was there any requirement on the trial court to do so. *Id.* Reviewing the record as a whole, this Court finds no fundamental error by the trial court. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.