**James Albert DUKES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 05–86–01300–CR, 05–86–01301–CR.**

Court of Appeals of Texas, Dallas.

Nov. 18, 1987.

Rehearing Denied Jan. 8, 1988.

Kerry P. Fitzgerald, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before HOWELL, ROWE, and HECHT, JJ.

ROWE, Justice.

James Albert Dukes appeals from convictions on two separate forgery indictments in causes which were consolidated at trial

and remain consolidated on appeal. Appellant waived his right to a jury trial, and the trial court assessed punishment at three years' confinement in the Texas Department of Corrections. In cause No. F86–91254–UP, appellant asserts that there was a fatal variance between the indictment and proof as to whom the forged instrument was actually passed. In addition, appellant contends that the evidence is insufficient to support the trial court's finding that appellant was the person who passed the forged instruments. Since we find no fatal variance and no insufficiency of evidence in these cases, we affirm the trial court's judgments.

In cause No. F86–91254–UP, appellant was convicted of cashing a check drafted as payable to appellant but containing a forged drawer's signature. The evidence at trial showed that the check was one of several stolen from Walter W. Keith Insurance Agency. The check as cashed was dated November 21, 1985, and was drafted for $332.44. In cause No. F86–99458–VP, appellant was again convicted of cashing a check drafted as payable to appellant but containing a forged drawer's signature. The check was shown to be one of several stolen from Walters and Walters, Inc. The check as cashed was dated December 14, 1985, and was drafted for $290.00. Both checks were cashed at Ward's Grocery Store through the use of a check-cashing card issued by the store.

Appellant, in his first point of error, contends that the judgment of conviction in cause No. F86–91254–UP should be reversed and a judgment of acquittal entered, as the State failed to prove that the check in question was actually passed to "Randy Barker" as alleged in the indictment. The evidence at trial showed that the check-cashing card number which is written on all checks cashed at Ward's Grocery Store was written on the forged instrument by a person other than Randy Barker. However, Barker testified that he saw the check before it was cashed and he was one of only three people employed by the store who had the authority to cash checks. Upon questioning by the trial judge as to whether appellant passed the checks to him, Barker answered, "Yes."

Appellant's contention is based on the well-settled rule that when an indictment alleges that the forged instrument was passed to one person but the proof at trial shows that the instrument was passed to a third party, a conviction cannot stand. *Vestal v. State*, 162 Tex.Crim. 223, 283 S.W.2d 955, 956 (1955); *White v. State*, 155 Tex.Crim. 303, 234 S.W.2d 876, 876 (1950). *Vestal* holds that when the person attempting to cash a check presents it first to an "assistant manager" solely for authorization and then presents it to a "checker" for encashment, the check is "passed" only to the checker and not to the assistant manager. *Vestal*, 283 S.W.2d at 955–56. *Vestal*, however, was distinguished and consequently limited by the Texas Court of Criminal Appeals in *Roach v. State*, 586 S.W.2d 866 (Tex.Crim.App.1979). The court in *Roach* upheld a conviction when the indictment named as the "passee" the store's pharmacist who was not initially presented with the money order but who later authorized payment and cashed the forged instrument. *Id.* at 868. The court found *Vestal* distinguishable because the authorizing pharmacist in *Roach* also gave the appellant the cash in return for the money order. *Id.* After *Roach*, proper identity of the "person" to whom a forged instrument is passed has been determined by looking at the person who acted upon and actually handled the transaction. *See Woodard v. State*, 700 S.W.2d 617, 618–19 (Tex.App.— Corpus Christi 1985, no pet.).

In our view, *Roach* has been partially discredited by the case of *McGee v. State*, 681 S.W.2d 31 (Tex.Crim.App.1984) (en banc). The court in *McGee* held that to "pass" an instrument means only to "offer the instrument" for consideration, there being no requirement that consideration be actually received. *Id.*, at 31. This new focus on the intent of the person presenting the instrument was recognized in *Watson v. State*, 718 S.W.2d 892, 895 (Tex.App.—Beaumont 1986, no pet.), where an accused was found to have passed an instrument to two persons when he gave the instrument to one individual but allowed that individual to give it to another for

purposes of encashment. Relying upon the rationale in *McGee* and *Watson,* we hold that when an individual presents an instrument for cashing at some business location, he not only passes it to the person to whom he first gives it for that purpose, but he also intends to pass the instrument to the person on the premises who has authority to carry out the transaction. If the person to whom he first passes the instrument is without authority to cash it, the presenter impliedly authorizes that individual to give the instrument to another individual who *can* effect encashment. In the latter regard, we recognize as valid the statement in *Watson* that:

> [W]here a person presents a forged instrument to one individual, and allows the instrument to be given to a second individual with the intention that the second individual will accept and give value for the instrument, he has passed that instrument to the second individual.

*Watson,* 718 S.W.2d at 895. We conclude that *Vestal* remains applicable only when the instrument must first be presented to one person solely for authorization and when the person seeking to negotiate the instrument thereafter must manually make a second presentation to another to conclude encashment.

■ In this case, the evidence shows that appellant first presented the forged check to an unknown individual for encashment. That unknown individual wrote the check-cashing card number on the check and then presented it to Randy Barker who had the authority to approve and cash the check. Either Barker or the unknown individual to whom the check was first presented was a proper person to be named in the indictment as a "passee." It no longer matters who actually handed the cash to appellant. Since Barker was named in the indictment, there was no variance between the indictment and the proof. Consequently, we overrule appellant's first point of error.

■ Appellant's next two points of error assert that the judgments of conviction in cause numbers F86–91254–UP and F86–99458–VP should be reversed and judgments of acquittal be entered because no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Specifically, appellant argues in his brief that the evidence is insufficient to support the trial court's holding that it was appellant who entered Ward's Grocery Store and passed the forged checks.

The testimony at trial was contradicting. Randy Barker positively identified appellant as the person who passed the forged checks to him. On the other hand, appellant testified that he had lost his wallet containing his check-cashing card prior to the November check and that he had not been in the store during November or December of 1985. No other evidence was presented to support either's contentions. When no jury is present, the trial court is the sole judge of the credibility of witnesses. *Bridge v. State,* 726 S.W.2d 558, 563 (Tex.Crim.App.1986). As such, the trial judge was entitled to disbelieve appellant's testimony of losing his wallet. *Wicker v. State,* 667 S.W.2d 137, 141 (Tex.Crim.App. 1984). As appears in *Wicker* at 143:

> The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Cr. App.1982).

In this case, the in-court identification of appellant by Randy Barker as the person who presented and passed the forged checks was evidence which can establish guilt beyond a reasonable doubt. *Hill v. State,* 608 S.W.2d 932, 934 (Tex.Crim.App. 1980). Therefore, appellant's argument that the evidence was insufficient to sustain the conviction is overruled.

This Court, having overruled all of appellant's points of error, affirms the judgments of the trial court.