**Benito GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–062–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 12, 1989.

John W. Peterson, Juan Martinez Gonzalez, Beeville, for appellant.

Wiley L. Cheatham, Cuero, for appellee.

Before NYE, C.J. and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Benito Garza, guilty of unlawful delivery of more than one-fourth ounce, but not more than four ounces, of marihuana. The jury assessed punishment at ten years' confinement in the Texas Department of Corrections, plus a $2,500.00 fine, together with all costs of court. We affirm the conviction.

■ By his first point of error, appellant maintains that the indictment in this cause is "fatally defective" because it fails to state what controlled substance was delivered to Wayne Kirkendol. The appellate record does not contain a motion to quash, exception to the sufficiency of the indictment, or motion for new trial. This ground is urged for the first time on appeal. As a general rule, appellate courts will not consider any error not brought to the trial court's attention at a time when it might have been avoided by that particular court. *Rogers v. State,* 640 S.W.2d 248, 264 (Tex. Crim.App.1982); *See Mendoza v. State,* 552

S.W.2d 444, 450 (Tex.Crim.App.1977) concerning waiver of constitutional error.

Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1989) concerns indictments returned after December 1, 1985. This article provides, in pertinent part, that an accused "waives and forfeits the right to object to the defect" and may not "raise the objection on appeal or in any other post-conviction proceeding" if he "does not object to [the] defect of form or substance" before trial on the merits.

The State filed the instant indictment after the effective date of article 1.14(b). Appellant, Benito Garza, failed to present his alleged indictment error to the trial court at pre-trial; he is therefore forbidden from raising this alleged error for the first time on appeal. *See* Tex.Code Crim.Proc. Ann. art. 1.14(b) (Vernon Supp.1989). The first point of error is overruled.

■ By his second point of error, appellant, Benito Garza, contends that the trial court committed fundamental error in failing to charge the jury with all elements of the offense charged.

The record does not show that appellant, Benito Garza, objected to the court's charge to the jury. Where no objections to the court's original charge or supplemental charges are made, any error in the charge must be fundamental to require reversal, and reversal will be obtained only if the error created such harm that appellant was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985); *Woodard v. State*, 700 S.W.2d 617, 619 (Tex.App.—Corpus Christi 1985, no pet.). The actual degree of harm must be determined in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171; *Woodard*, 700 S.W.2d at 619.

The application paragraph of the court's charge to the jury states:

Now if you find from the evidence beyond a reasonable doubt that on or about the 12th day of May, 1987, in DeWitt County, Texas, the defendant, BENITO GARZA, did, as a party to the offense, knowingly or intentionally deliver, by actual transfer, marijuana, in a usable [sic] quantity in an amount more than one-fourth ounce but not more than four ounces, to Wayne Kirkendol, as alleged in the indictment, then you will find the defendant guilty.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

Appellant, Benito Garza, maintains that the application paragraph is fundamentally defective because it allowed the jury to convict him without finding all of the statutory elements of the offense. Specifically, he complains that the charge excluded: (1) the name of Martin Munoz, who was alleged to be a party to the offense in the indictment; and (2) the State's theory that the delivery of the marihuana was accomplished by constructive transfer.

Paragraph III of the court's charge does give the abstract definition of the law of parties in accordance with Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). Paragraph VI of the court's charge to the jury states:

The mere presence alone of BENITO GARZA, at the scene of the delivery of the marijuana, if any, would not constitute him a party to the offense charged, and if you should find from the evidence beyond a reasonable doubt that Martin Munoz did then and there intentionally or knowingly deliver the marijuana, if any, as aforesaid, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the defendant, BENITO GARZA, did not act with intent to promote or assist the commission of the said offense of delivery of marijuana, if any, by aiding, or attempting to aid Martin Munoz in the commission of said offense, then you will find the defendant, BENITO GARZA, not guilty of delivery of marijuana.

Finally, paragraph VII of the charge instructed the jury as follows:

This is a case in which the State relies upon the law of parties for a conviction. You are instructed that if you find from the evidence the defendant, BENITO GARZA, delivered marijuana, if any, to Martin Munoz at the request of the said Martin Munoz but he, the said BENITO GARZA, did not know of the intention of Martin Munoz to deliver the marijuana to Wayne Kirkendol or to any third person, then, in such case, the defendant, BENITO GARZA, is not to be considered as having acted as a party and you must say by your verdict not guilty.

■ The application paragraph failed to apply the law of parties to the facts of the case. However, the law of parties is included abstractly in paragraph III, and to a certain degree, the law of parties is also included in paragraphs VI and VII. We conclude that the court's charge does include Martin Munoz as a party to the offense. Furthermore, the indictment alleges that delivery of the marihuana may have been accomplished by actual transfer, constructive transfer, and offer to sell. The application paragraph of the charge limits the theory of conviction to "actual transfer." Where the application paragraph of the court's charge limits the theories of conviction to those plead in the indictment, there is no fundamental error. *Phillips v. State,* 654 S.W.2d 846, 849 (Tex.App.—Dallas 1983, no pet.).

We conclude that absent an objection, the failure of the application paragraph to either include Martin Munoz as a party or include that the alleged delivery of marihuana was by constructive transfer did not create such harm that appellant, Benito Garza, was deprived of a fair and impartial trial. *See Almanza,* 686 S.W.2d at 171; *Woodard,* 700 S.W.2d at 619.

Moreover, it must be pointed out that the record contains only a partial statement of facts which does not present us with any evidence regarding appellant's guilt or innocence. In the absence of a complete statement of facts, asserted error in the court's charge is not subject to review by the appellate courts. *Williams v. State,* 397 S.W.2d 459 (Tex.Crim.App.1966); *Ev-*

*ans v. State,* 690 S.W.2d 112, 113 (Tex.App. —El Paso 1985, pet. ref'd). The second point of error is overruled.

■ By his third point of error, appellant, Benito Garza, argues that the trial court violated Tex.Const. art. II, § 1, and art. I, §§ 13 and 19 by charging the jury that they are not to consider or discuss the possible actions of the Board of Pardons and Paroles or how long he would be required to serve the punishment assessed.

The court's punishment charge to the jury states in pertinent part that:

During your deliberations, you are not to consider or discuss the possible actions of the Board of Pardons and Paroles or how long this Defendant will be required to serve the punishment which you assess.

No objection to the submission of this charge was made to the trial court. We also note that the charge does not instruct the jury on parole eligibility under Tex. Code Crim.Proc.Ann. art. 37.07 § 4(a) (Vernon Supp.1989). In *Janecka v. State,* 739 S.W.2d 813, 833 (Tex.Crim.App.1987), the Court of Criminal Appeals found no error in a trial court's instruction which stated that the jury should not discuss among themselves how long the accused would be required to serve any sentence imposed, and that this matter comes within the exclusive jurisdiction of the board of pardons and paroles.

We see no material difference between the punishment charge in the instant case and the one discussed in *Janecka.* For this reason, we conclude that the trial court did not err in giving this charge to the jury.

By his final point of error, appellant, Benito Garza, argues that he was denied exculpatory evidence at his trial because the co-defendant, Martin Munoz, improperly invoked his fifth amendment rights with approval by the trial court. He contends this violated his rights to a fair trial and due process of law under U.S. Const. amend. VI and XIV, and Tex.Const. art. I, §§ 10 and 19.

Prior to appellant's trial, Martin Munoz pleaded guilty to the delivery of marihuana

offense. However, he contested his punishment and had not yet been sentenced at the time appellant, Benito Garza, went on trial. While contesting punishment, Munoz allegedly made statements exonerating appellant, Benito Garza, from any involvement in the delivery of marihuana offense. During his trial, appellant, Benito Garza, informed the trial court that he wanted to call Munoz as a witness. When the trial judge asked Munoz' attorney for her position regarding the request, she said that he should not be called as a witness. The trial judge then said that the only valid grounds Munoz had for not testifying would be his Fifth Amendment protections. Munoz' attorney responded that Munoz would invoke his Fifth Amendment rights if called to testify. The trial judge then expressed his belief that if Munoz had not yet been sentenced, he could invoke his Fifth Amendment rights.

Appellant, Benito Garza, contends that the trial judge erroneously "advised" Munoz' attorney that if Munoz had not yet been sentenced, then he could invoke his Fifth Amendment rights. He maintains that because Munoz' attorney was erroneously advised, he was denied the right to present exculpatory evidence that would have exonerated him. We disagree.

The decision of Munoz' attorney to invoke Munoz' Fifth Amendment rights was arrived at free of any advice from the trial judge. This decision was also made prior to the trial judge's statements that if Munoz had not been sentenced, he could then invoke his Fifth Amendment rights. We fail to see how Munoz improperly invoked his Fifth Amendment rights with approval by the trial judge.

In his brief, appellant, Benito Garza, requests us to consider Munoz' testimony allegedly exonerating him from any involvement in the delivery of marihuana offense. This testimony is illustrated in his brief and in a statement of facts transcribed during Munoz' punishment hearing. This particular statement of facts was received by this Court but not filed with the record of appellant's case on appeal.

We decline to review a statement of facts pertaining to a different case in order to find support for contentions raised in this appeal. The general rule is that an appellate court cannot look to the record of another case for the purpose of considering testimony not shown in the record of the case before it. *Garza v. State*, 622 S.W.2d 85, 90 (Tex.Crim.App.1980). Moreover, this Court will not consider Munoz' testimony set forth in the brief. Assertions made in an appellate brief not supported by the record will not be accepted as fact. *Guzman v. State*, 732 S.W.2d 683, 686 (Tex. App.—Corpus Christi 1987, no pet.). The final point of error is overruled.

The judgment of the trial court is AFFIRMED.