Madeleine BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–93–0230–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 17, 1994.

Russ Henrichs, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Patricia Poppoff Noble and Coleen Murphy, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In five points of asserted error, appellant Madeleine Brown challenges her conviction of the offense of forgery and the resulting court assessed punishment of ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice, probated, and a $500 fine. In four of those points, appellant asserts the trial court erred in overruling her motion to quash the indictment, failing to declare a mistrial based on the State's misconduct, permitting the State to present evidence in violation of Rule 403 of the Texas Rules of Criminal Evidence, and permitting the State to offer irrelevant evidence. In her fifth point, she asserts that the evidence was insufficient to support her conviction. For the reasons stated herein, we reverse the judgment of the trial court and render a judgment of acquittal.

Appellant was a relative of the second degree of Guy Duncan.[1] Guy Duncan died on September 21, 1988 and his wife, Jessie, died approximately two months later on November 28, 1988. Appellant, acting through her attorney, filed wills purporting to be those of Guy and Jessie Duncan on January 3, 1989. A nephew of the Duncans, Gary Dalton, also filed wills purporting to be those of Guy and Jessie Duncan with the probate court. The probate court subsequently determined the will filed by Gary Dalton to be valid and the documents filed on appellant's behalf to be invalid. The State then prosecuted appellant for the offense of forgery, asserting that she knowingly filed the forged instrument purporting to be the will of Guy Duncan.

 Finding it dispositive of this appeal, we address only appellant's fifth point challenging the sufficiency of the evidence.[2] It is now axiomatic that the standard we must apply in evaluating a challenge to the sufficiency of the evidence, whether direct or circumstantial, is whether, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993); *Geesa v. State*, 820 S.W.2d 154, 163 (Tex.Crim.App.1991).

 As recently noted by the Texas Court of Criminal Appeals in *Ex parte Porter*, 827 S.W.2d 324 (Tex.Crim.App.1992) (opinion on rehearing), the elements of forgery are limited to those set out in section 32.21(b) of the

Penal Code. *Id.* at 327; Tex.Penal Code Ann. § 32.21 (Vernon 1994). The offense of forgery is committed if a person (1) forges (2) a writing (3) with intent to defraud or harm another. In addition to alleging these elements, the indictment in this case contained specific evidentiary allegations describing which definition of "forge" the State would seek to prove.[3] *See* Tex.Penal Code Ann. § 32.21(a)(1) (Vernon 1994).

 It is well accepted that where a matter not essential to charge a crime is included in a charging instrument and that such matter is not mere surplusage but, instead, is descriptive of an essential element, it must be proven. *Burrell v. State*, 526 S.W.2d 799, 803 (Tex.Crim.App.1975). The descriptive matters alleged here were that the writing purported to be the act of another who did not authorize the act and that it was passed by appellant to the Probate Court Number Two of Dallas County. The charge, given to the jury without objection, incorporated each of the allegations in the indictment. The charge did not contain any instruction on the law of parties nor did the application section of the charge incorporate the law of parties.

 In support of the first element, the State presented the testimony of several witnesses. The first witness, Deborah Abbe, testified that in November of 1988, after Guy Duncan's death and at appellant's direction, she typed a document purporting to be the will of Guy Duncan and dated September 20, 1988. At trial, Abbe identified State's exhibit number two as that document. The State also presented the testimony of Earnest Ma-

---

1. Appellant testified that her father and Guy Duncan were brothers, thereby making her a niece of Duncan. Gary Dalton, one of Duncan's nephews, also characterized appellant as Duncan's niece; however, he testified that appellant's father and Guy Duncan's father were brothers, making appellant and Guy Duncan first cousins. 23 Am.Jur.2d *Descent and Distribution* § 55 (1983). Under either contingency, using the canon-law method of computing degrees of kinship as adopted in Texas, appellant is a relative of the second degree to Guy Duncan.

2. It should be noted that our review of the record in this case has been made more difficult by the court reporter's failure to number all pages of the statement of facts consecutively. Such a practice invites the type of errors seen in the

State's brief, which contains several references to volume four of the three volume statement of facts.

3. Omitting the formal language, the indictment provided:

Madeleine Brown hereinafter styled Defendant, on or about the 24th day of January [1989 ...] with intent to defraud and harm another, pass[ed] to the Probate Court No. Two of Dallas County, Texas, a forged writing, knowing such writing to be forged, and such writing had been made so that it purported to be the act of Guy Duncan who did not authorize the act, and said writing purported to be the Last Will and Testament of Guy Duncan.

son. Mason identified State's exhibit number two as the document appellant presented to him for his signature on December 12, 1988. Although Mason's signature appears on State's exhibit number two as a witness, he testified that he did not know that the document purported to be a will. This evidence was sufficient to allow a rational factfinder to find that State's exhibit number two was a forged writing within the definition of section 32.21(a)(1)(A)(i) and that appellant knew the document was forged.

In support of the allegation that appellant passed the writing to the Probate Court Number Two of Dallas County, the State called Opal Miller, a probate clerk in the Dallas County Clerk's office. She testified that State's exhibit number two was filed for probate and that the application for probate indicated that the document was filed by Miles Brown as attorney for appellant. Appellant called Miles Brown as a witness. Although Brown was not asked to identify State's exhibit number two as being received from appellant or filed in the probate court, appellant did elicit testimony that he represented her in the will probate proceeding. Appellant made no effort to challenge the evidence that Brown had filed State's exhibit number two on her behalf.

■ Under the law of parties, set out in section 7.01 of the Penal Code, a person may be convicted of an offense based, not only on his own conduct, but also on the conduct of another for whom he is criminally responsible. Tex.Penal Code Ann. § 7.01 (Vernon 1994). Section 7.02(a)(1) of the Penal Code provides:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense.

Tex.Penal Code Ann. § 7.02(a)(1) (Vernon 1994). The trial court's charge, however, did not include an instruction on the law of parties. Therefore, appellant contends that her conviction for the offense of forgery can stand only if the evidence showed that she

personally passed State's exhibit number two to the probate court. Pointing out that the evidence shows that State's exhibit number two was filed by Miles Brown and not by her personally, appellant argues that there is insufficient evidence to show that she passed the forged writing to the probate court.

The State cites *Watson v. State*, 718 S.W.2d 892 (Tex.App.—Beaumont 1986, pet. ref'd) and *Woodard v. State*, 700 S.W.2d 617 (Tex.App.—Corpus Christi 1985, no pet.) in support of its position that it need only prove that appellant passed the forged writing to her attorney and then allowed the attorney to present the writing to the probate court. An examination of those decisions and the authority upon which they rely convinces us that, at least in the factual context of the present case, they do not correctly state the applicable law.

In *Woodard*, the defendant presented a forged check to a bank teller. That teller then handed the check to a second teller, the recipient named in the indictment, who acted upon and handled the transaction. *Woodard*, 700 S.W.2d at 618. In *Watson*, the defendant presented a forged check to a store clerk who accepted it and handed it to a store manager, who then handed it to a second manager. Both the clerk and the second manager were named in the indictment as recipients. *Watson*, 718 S.W.2d at 894. In rejecting the defendants' claims that there were fatal variances between the indictments and the evidence, both courts cited *Roach v. State*, 586 S.W.2d 866 (Tex.Crim. App.1979) as controlling.

The *Woodard* and *Watson* courts asserted that the facts of those cases were similar to the facts in *Roach*. However, the defendant in *Roach* passed a forged money order directly to the recipient named in the indictment. Although the defendant initially presented the forged money order to a sales clerk, the clerk did not accept it, instead referring the defendant to the pharmacist, the recipient named in the indictment. *Id.* at 867. The defendant then passed the forged money order to the pharmacist who accepted and cashed it. The *Roach* court found that the evidence supported the finding that the

defendant had passed the forged money order to the pharmacist as alleged in the indictment. *Id.* at 868.

As applied to the present facts, the holdings of *Watson* and *Woodard* are in conflict with the established rule that where a defendant is charged with passing a writing to a named person, proof that the writing was passed to another will not sustain a conviction. *See Stanley v. State,* 646 S.W.2d 447, 448 (Tex.Crim.App.1983); *Vestal v. State,* 162 Tex.Crim. 223, 283 S.W.2d 955, 956 (1955); *Beltran v. State,* 144 Tex.Crim. 338, 163 S.W.2d 211, 212 (1942); *Guerrero v. State,* 626 S.W.2d 875, 876 (Tex.App.—San Antonio 1981, no pet.).

More recently, in the case of *Dukes v. State,* 742 S.W.2d 472 (Tex.App.—Dallas 1987, pet. ref'd), also relied upon by the State, the Dallas Court of Appeals attempted to reconcile *Watson* and *Woodard* with the general rule by taking the position that passing an instrument to one employee at a business location serves to pass it to anyone with authority to cash the instrument. *Id.* at 474. Even if *Dukes* states the proper rule, it would have no applicability here.

■ The evidence presented at trial clearly failed to show that appellant, by her own conduct, passed State's exhibit number two to the probate court. As a result, the only theory under which appellant could be found guilty under the indictment required a finding that she was criminally responsible for the conduct of her attorney, Miles Brown, under the law of parties. Because the trial court's charge failed to incorporate the law of parties, the evidence is insufficient to support her conviction. *Biggins v. State,* 824 S.W.2d 179, 180 (Tex.Crim.App.1992); *Jones v. State,* 815 S.W.2d 667, 670–71 (Tex.Crim.App.1991).

The only distinguishing factor between the instant case and *Biggins* and *Jones* is that the charges in each of those cases included an abstract instruction on the law of parties which was not incorporated into the application paragraph of the charge. The State cannot be in a better position where, as here, the law of parties is wholly omitted from the charge.

An appellate finding that the evidence is insufficient to support a conviction under the charge given has the same effect as a jury acquittal. *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Hooker v. State,* 621 S.W.2d 597, 598 (Tex.Crim.App. 1980). Consequently, our finding of insufficiency dictates that we reverse and render a judgment of acquittal. Tex.R.App.P. 81(c). It is so ordered.