**Joel L. CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00237–CR.**

Court of Appeals of Texas, El Paso.

July 28, 1994.

Rehearing Overruled Sept. 28, 1994.

H. Thomas Hirsch, H. Thomas Hirsch & Associates, P.C., Odessa, TX, for appellant.

Michael L. Fostel, Kermit, TX, for appellee State.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from a jury conviction for the offense of murder. The jury assessed punishment at fifty years' imprisonment. We affirm the judgment of the trial court.

In Point of Error No. One, Appellant asserts that the court erred in admitting his written confession into evidence in that he was given improper warnings. At trial,

the court admitted Appellant's written confession into evidence. Appellant objected that the warnings given did not comply with the required warnings in TEX.CODE CRIM. PROC.ANN. art. 38.22(2)(a) (Vernon 1979). This statutory provision provides:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and....

Appellant's written statement admitted at trial contains a printed first page entitled "Statement of Miranda Rights." The following rights were enumerated:

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court of law.

3. You have the right to talk to a lawyer and have him present with you while you are being questioned.

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.

5. You can decide an any time to exercise these rights and not answer any questions or make any statements.

Appellant signed a written waiver of these rights and the signatures of three witnesses appear below his signature.

Of greater significance, however, is page 2 of the signed and witnessed confession which contains the following declaration:

Before answering any questions or making any statements Robert L. Roberts, Jr. a person who identified himself as a Sheriff of Winkler County, Texas duly warned and advised me, and I know and understand that I have the following rights: That I have the right to remain silent and I do not have to answer any questions or make any statements at all: that any statement I make can and will be used against me in a court or courts of law for the offense or offenses concerning which the following statement is hereinafter made: that I have the right to consult with a lawyer of my own choice before or at anytime during any questioning or statements I make: that if I cannot afford to hire a lawyer, I may request and have a lawyer appointed for me by the proper authority, before or at anytime during any questioning or statements that I make, without cost or expense to me: That I can stop answering any questions or making any statements at any time that I choose, and call for the presence of a lawyer to advise me before continuing any more questioning or making any more statements, whether or not I have already answered some questions or made some statements.

I do not want to talk to a lawyer, and I hereby knowingly and purposely waive my right to remain silent, and my right to have a lawyer present while I make the following statement to the aforesaid person, knowing that I have the right and privilege to terminate any interview at any time hereafter and have a lawyer present with me before answering any more questions or making any more statements, if I choose to do so.

I declare that the following voluntary statement is made of my own free will without promise of hope or reward, without fear or threat of physical harm, without coercion, favor or offer of favor, without leniency or offer of leniency, by any person or persons whomsoever.

The above declaration was signed by Appellant, and likewise witnessed. Appellant asserts that the above warnings are not the effective equivalent of Article 38.22(2)(a). He cites *Gipson v. State,* 819 S.W.2d 890, 894 (Tex.App.—Dallas 1991), *aff'd,* 844 S.W.2d 738 (Tex.Crim.App.1992) in support of this proposition. However, in *Gipson,* the defendant was told that the confession could be used for or against him. There was no such assertion in the present case. Further, a warning conveying on the face of the statement, in only slightly differing language, the exact meaning of the statute is sufficient to comply with the statutory requirements. *Penry v. State,* 691 S.W.2d 636, 643 (Tex. Crim.App.1985); *Valles v. State,* 719 S.W.2d 666, 667 (Tex.App.—Fort Worth 1986, no pet.).

In the instant case, the initial warning found on page 1 suffers from some brevity when compared to the statutory requirements; however, we find that the warning found on page 2, and which appears immediately prior to Appellant's confession, while using differing language, conveys the precise meaning of TEX.CODE CRIM.PROC.ANN. art. 38.22(2)(a).[1] Point of Error No. One is overruled.

In Point of Error No. Two, Appellant contends the court erred in excluding testimony of various co-workers regarding the victim's pertinent character trait of abusing his employees. The testimony at trial revealed that Appellant worked for the El Paso Natural Gas Company at its Keystone

---

1. The record reflects that Appellant made an oral statement, admitted in evidence without objection, to the Sheriff of Winkler County, wherein he stated that he shot Maxwell several times. He further related that he recalled Maxwell falling to the floor after which he walked over and shot him two more times in the back. The record additionally shows that Appellant, in testifying on his own behalf, stated that on the morning of the shooting, he went to his place of employment and waited in the break room for the victim to arrive. He stated that he reached into his back pocket and got his gun and shot the victim. Appellant testified that he shot Maxwell because he was losing his job.

plant near Kermit, Texas. The victim, James Maxwell was Appellant's boss. Appellant testified that he and Maxwell had many problems from the first time Appellant began work at the plant. Appellant related that Maxwell was bad about "cussing" people and had cursed him on several occasions. This would result in Appellant cursing back at Maxwell. A dispute between the two over a worker's compensation claim and possible termination resulted in a confrontation which lead to Appellant shooting Maxwell. Further, Appellant related that Maxwell cursed him just prior to being shot.

Appellant attempted to place three witnesses on the stand to demonstrate that the victim cursed and abused other employees as well. The court excluded this testimony. On appeal, Appellant contends that the excluded testimony was admissible under TEX.R.CRIM. EVID. 404(a)(2) to show specific character traits of the victim demonstrating that Appellant was guilty only of the lesser-included offense of voluntary manslaughter. We disagree.

TEX.R.CRIM.EVID. 404(a)(2), which provides for the admissibility of evidence relating to the character of a victim, states as follows:

> (2) *Character of Victim.* Subject to Rule 412, evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of peaceable character of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

For such evidence to be admissible, however, there must be some act of aggression by the victim which the character evidence tends to explain (such as drawing a gun or reaching for a pocket where one is usually carried). *Dempsey v. State,* 159 Tex.Crim. 602, 266 S.W.2d 875, 878 (1954), *Dinkins v. State,* 760 S.W.2d 374, 377 (Tex.App.—Fort Worth 1988, pet. ref'd), *Carrasquillo v. State,* 742 S.W.2d 104, 111 (Tex.App.—Fort Worth 1987, no pet.). In the present case, there is no evidence that the victim made any overt aggressive act. Accordingly, the trial court did not err in excluding the evidence. Point of Error No. Two is overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.