Oscar BUCKLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00006–CR.

Court of Appeals of Texas, Texarkana.

Submitted March 12, 2001.

Decided March 13, 2001.

Joe Martin, Law Offices of Joseph E. Martin, III, Lufkin, for appellant.

Clyde M. Herrington, District Attorney, J. Dawn Armstrong, Assistant District Attorney, Lufkin, for the State.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Oscar Buckley appeals his conviction for murder. A jury found him guilty and assessed punishment at thirty years' confinement. Buckley was accused of killing the two-year-old son of his former girlfriend. He contends the trial court erred (1) in failing to grant his Motion for Mistrial after a witness testified concerning a polygraph test he took; (2) in admitting a videotaped statement he gave to police; and (3) in failing to grant his Motion for New Trial.

The testimony about which Buckley complains in his first point of error came from the victim's mother, his former girlfriend. She testified as follows:

Q. At some point, ma'am, did you accept the Defendant's invitation to visit him [in jail]?

A. I wouldn't call it accept, but, yes, I did go visit him.

Q. Do you recall when that was?

A. It was on the 8th of June, I believe.

Q. And did you visit with him at that time?

A. Yes, I did.

Q. Did he speak freely with you?

A. No, he didn't—well, he did, but not really.

Q. How did that conversation start out?

A. First we bickered on whether or not he could hear me and I could hear

him. Then he was like—well, am I supposed to say?

Q. Yes. If he said it, you may say it.

A. He was like, "Well, why did it take you so long to get here? Didn't you get my letter?" To that kind of effect. And I told him, yeah, I did get the letter. And he was asking me, "What's this about you saying that I failed the lie detector test?"

[Defense Attorney]: Objection, Your Honor. I'd like to make a motion outside the presence of the Jury.

THE COURT: All right. I'll sustain the objection.

Don't—disregard the last statement that was made by the witness.

[Defense Attorney]: Your Honor, I have a motion to make.

THE COURT: All right.

Get the Jury out.

[Jury out of the courtroom.]

[Defense Attorney]: Your Honor, comes now the Defendant and moves for mistrial in that the State's witness has gone into a matter that is clearly inadmissible, fundamentally unfair to the Defendant, and so prejudices the Defendant in the eyes of this jury that no instruction can cure that. He cannot receive a fair trial from this jury and we move for a mistrial.

THE COURT: All right. Do you desire any instruction? Do you desire—I'm going to deny your motion for mistrial. Do you desire any instruction?

[Defense Attorney]: Well, if you tell 'em to disregard it they're gonna hear even more of it, so, no.

THE COURT: I'll tell 'em to disregard the last statement made by the witness.

[Defense Attorney]: That would be fine.

THE COURT: I won't repeat the words.

[Prosecutor]: I'd ask that she be admonished, Judge, so we don't get into this again.

THE COURT: Okay. Well, I would have asked that you admonish them prior to them ever taking the stand about that.

[Prosecutor]: Well, I did, Your Honor.

. . . .

[Jury enters the courtroom.]

THE COURT: All right. Ladies and gentlemen of the Jury, the last statement made by the witness you will disregard and not utilize it for any purpose whatsoever. Totally disregard that statement made by this witness and treat it as it had never been said.

 A trial court may not admit polygraph examination evidence or consider it for any purpose, even if the State and the defendant agree and stipulate to use the results of the polygraph examination at trial. *Tennard v. State*, 802 S.W.2d 678, 683 (Tex.Crim.App.1990); *Nethery v. State*, 692 S.W.2d 686, 700 (Tex.Crim.App. 1985); *Fernandez v. State*, 564 S.W.2d 771, 773 (Tex.Crim.App. [Panel Op.] 1978). When a witness gives a nonresponsive answer that mentions a polygraph test, courts initially inquire into whether the results of the test were revealed. When the results are not revealed, there is generally no error in failing to grant a mistrial when the trial court sustains the adverse party's objection and instructs the jury to disregard the answer. *Richardson v. State*, 624 S.W.2d 912, 914–15 (Tex.Crim. App. [Panel Op.] 1981); *Peoples v. State*, 928 S.W.2d 112, 115–16 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). On the other hand, when the results are revealed

to the jury, failure to grant a mistrial is generally error. *Robinson v. State,* 550 S.W.2d 54, 61 (Tex.Crim.App.1977); *Jones v. State,* 680 S.W.2d 499, 502 (Tex.App.—Austin 1983, no pet.).

■ Even when the results of the test are not revealed, there still may be error warranting reversal. Reviewing courts examine (1) whether the question exhibited bad faith by being designed to elicit that a polygraph was taken or what the results of that polygraph were; and (2) whether the effect of the evidence is to impeach the defendant's defensive theory or to bolster the state's case. *Sparks v. State,* 820 S.W.2d 924, 927–30 (Tex.App.—Austin 1991, no pet.).

■ In the present case, Buckley acknowledges in his brief that the introduction of the evidence was inadvertent. In fact, the record reveals that the prosecutor had admonished the witness about discussing the polygraph examination.

If the jury believed from the statement that Buckley had failed the lie detector test, it would bolster the State's case. However, the statement could be construed to mean that Buckley, who in the context of the conversation was chiding his former girlfriend, was confronting her because she stated something contrary to fact. In other words, he may have been asking her why she said that he failed the lie detector test, the implication being that he did not fail it.

This statement does not reflect the results of such a test or even whether Buckley took such a test. We find that there was no error in the court's failing to grant a mistrial where the objection had been sustained and the jury instructed to disregard. *See Richardson,* 624 S.W.2d at 914–15. Buckley's first point is overruled.

■ In his second issue on appeal, Buckley contends the trial court erred in admitting videotapes of his statement given to police because the warnings do not meet the requirements outlined in TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp. 2001). Article 38.22 prevents the defendant's oral statement from being admitted into evidence unless, among other things, (1) the statement is electronically recorded, and (2) before making the statement, but during the recording, the accused was warned of his rights and waived those rights. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(1), (2). The accused must be warned (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; (2) any statement he makes may be used as evidence against him in court; (3) he has the right to have a lawyer present to advise him prior to and during any questioning; (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview at any time. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a). However, the "fully effective equivalent" of these warnings is sufficient. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e).

The record reflects that Buckley was warned as follows:

> You have the right to have a lawyer present or advise you either prior to any questioning or during any questioning. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to counsel with you prior to or during any questioning. And you have the right to remain silent and not make any statement at all. That any statement you make may and probably will be used as evidence against you at your trial. And you have the right to terminate the interview at any time.

Thus he was given all of the statutory warnings except the second, i.e., that any statement he makes may be used as evidence against him in court.

This specific question was addressed in *Cockrell v. State*, 933 S.W.2d 73, 90–91 (Tex.Crim.App.1996), in which the Texas Court of Criminal Appeals concluded that a warning similar to the one in the present case constituted substantial compliance. In that case, however, the defendant gave a written confession and was presented with written warnings, including "the above rights are continuing rights which can be urged by me at any stage of the proceedings." *Id.*

In contrast, in *State v. Subke*, 918 S.W.2d 11 (Tex.App.—Dallas 1995, pet. ref'd), which involved an oral confession, the trial court suppressed the defendant's statement because the defendant was warned that "any statement you make will be used against you at trial," but was not informed that his statement could be used against him as evidence in court. *Id.* at 13. The court of appeals reasoned that the unambiguous language of the statute required both warnings. *Id.* at 15. Thus, the court concluded the case did not present a question of whether "close is good enough," because the state completely failed to give the warning required by Article 38.22, § 2(a)(2). *Id.* at 14.

In *Williams v. State*, 883 S.W.2d 317, 319 (Tex.App.—Dallas 1994, pet. ref'd), which involved a written statement, the court of appeals held the warning given to the defendant—that anything he said could be used against him—was broader than the warnings required under Article 38.22, § 2(a)(1), (2), because it informed the defendant that his statement could be used against him in any context. Consequently, the warning given substantially complied with the statute. *Id.* at 319–20.

In *Campbell v. State*, 885 S.W.2d 528, 529 (Tex.App.—El Paso 1994, no pet.), which involved a written statement, a printed "Statement of Miranda Rights" warned the defendant that "[a]nything you say can and will be used against you in a court of law." On another page of the same form, a preprinted declaration recited that "any statement I make can and will be used against me in a court or courts of law for the offense or offenses concerning which the following statement is hereinafter made." *Id.* at 530. The court of appeals concluded that the "Statement of Miranda Rights" suffered from "some brevity when compared to the statutory requirements," but also concluded that the second warning conveyed the precise meaning of Article 38.22, § 2(a). *Id.*

The State cites *Pena v. State*, 832 S.W.2d 697, 699 (Tex.App.—Corpus Christi 1992, pet. ref'd), in which the court of appeals held a written warning that the defendant's written statement could be used against him at trial was sufficient, even though the defendant was not also warned that his statement could be used against him in court. The court offered no authority for its conclusion that the warning was sufficient. In addition, the record from that case showed that the appellant had been warned three times before giving the first confession and was warned again by a magistrate before giving a second confession. *Id.*

The terms "at his trial" and "in court" communicate the same meaning. A trial in a broad sense covers hearings and other matters heard by the courts, including what is generally referred to as the "trial on the merits." This term fully apprises the accused that any statements he makes can be used in a case against him. This warning substantially complies with the requirements of the statutes governing admission of an accused's statements and is

the fully effective equivalent of the statutory warnings.[1] This point is overruled.

In his third issue on appeal, Buckley contends the trial court erred in overruling his Motion for New Trial, which alleged the State withheld certain evidence. Before trial, Buckley filed a Motion for Discovery, a Motion for Discovery of Exculpatory and Mitigating Evidence, and a Motion for Production of Evidence Favorable to the Accused. The State agreed to comply with Buckley's requests.

At trial the State presented testimony of Dr. Steven Cogswell, the pathologist who performed the autopsy of the victim. He testified that he compared bruises on the victim's abdomen to ink prints of Buckley's knuckles and concluded that the spacing between Buckley's knuckles was consistent with the spacing of bruises on the victim's body. Ink prints of the victim's mother's knuckles were also taken, but there was no testimony regarding whether comparisons were made between her prints and the victim's injuries. Buckley did not ask on cross-examination if any comparison was made, nor did he ask the witness to make such a comparison in court, but in his Motion for New Trial asserted that such a comparison was not made. In response, the State asserted that it was unaware of whether such a comparison was made.

■ The United States Supreme Court has held that the state violates a defendant's due process rights when it suppresses evidence in its possession favorable to the defendant "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215, 218 (1963). Impeachment evidence, as well as exculpatory evidence, is included within the scope of the *Brady* rule. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481, 490 (1985). Evidence withheld by a prosecutor is material if there is a reasonable probability that had the evidence been disclosed to the defense, the outcome of the proceeding would have been different. *Bagley*, 473 U.S. at 682, 105 S.Ct. 3375. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Thus, a due process violation has occurred if a prosecutor: (1) fails to disclose evidence, (2) favorable to the accused, (3) which creates a probability of a different outcome. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex.Crim.App.2000).

■ Buckley contends the State failed to disclose (1) that Dr. Cogswell compared Buckley's prints to the victim's injuries, and (2) whether Dr. Cogswell also compared the victim's mother's prints to the victim's injuries. Such failure, Buckley contends, prevented him from effectively cross-examining Dr. Cogswell.

■ The State contends that Buckley waived any error by not objecting to Dr. Cogswell's testimony, by not requesting to voir dire Dr. Cogswell outside of the jury's presence, by not requesting the opportunity to make an offer of proof, and/or by not requesting a continuance to have comparisons made between the victim's mother's prints and the victim's injuries. We agree. To preserve error, a complaint must be timely made to the trial court. Tex. R. App. P. 33.1(a)(1). To be timely, the complaint must be made as soon as the grounds are apparent or should be apparent. *Wilson v. State*, 7 S.W.3d 136, 146

---

1. It should be pointed out that the language of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694, 706–07 (1966), requires the suspect to be warned "that any statement he does make may be used as evidence against him." Thus, *Miranda* does not require the use of the words "trial" or "in court."

(Tex.Crim.App.1999); *Hollins v. State,* 805 S.W.2d 475, 477 (Tex.Crim.App.1991).

The grounds for Buckley's first contention that the State failed to disclose that Dr. Cogswell compared Buckley's ink prints to the victim's injuries was apparent when Dr. Cogswell testified about that comparison. Buckley failed to object; therefore, he has waived his complaint.

The grounds for Buckley's second contention that the State failed to disclose whether Dr. Cogswell also compared the victim's mother's prints to the victim's injuries was also apparent at that time. By his own admission, Buckley knew that ink prints were taken of the victim's mother's knuckles. He could have preserved error by taking Dr. Cogswell on voir dire or by requesting a continuance to have a comparison performed. The State was not required to introduce such evidence for Buckley, but if Buckley wished to introduce such evidence, he could have done so. Consequently, he has waived his complaint. We overrule Buckley's third issue for review.

The judgment is affirmed.