11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jimmy Allan Speed

Appellant

Vs.                   No.
11-02-00199-CR B Appeal from Nolan County

State of Texas

Appellee

 

After the
trial court denied his motion to suppress a statement that he had given, Jimmy
Allan Speed entered a plea of guilty before the trial court to the murder of
his girlfriend=s 3-year-old son.  The trial court found appellant guilty and, in accordance with
the plea agreement, assessed his punishment at confinement for life.  We affirm.

Appellant
presents one issue on appeal:  that the
trial court erred when it denied appellant=s motion to suppress the statement. 
Appellant=s issue on appeal is directed solely at TEX.
CODE CRIM. PRO. ANN. art. 38.22 (Vernon 1979 & Pamph. Supp. 2003), and he
maintains that he was warned improperly under Article 38.22.








In
reviewing a trial court=s ruling on a motion to suppress, appellate courts must give great
deference to the trial court=s findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955
S.W.2d 85, 87 (Tex.Cr.App.1997). 
Because the trial court is the exclusive fact finder, the appellate
court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court=s ruling.  Carmouche v. State,
10 S.W.3d 323 (Tex.Cr.App.2000).  We
also give deference to the trial court=s rulings on mixed questions of law and fact when those rulings turn on
an evaluation of credibility and demeanor. 
Guzman v. State, supra. 
Where such rulings do not turn on an evaluation of credibility and
demeanor, we review the trial court=s actions de novo.  Guzman v.
State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. -
Eastland 1999, no pet=n).  We will not disturb a trial court=s ruling on a motion to suppress in the
absence of an abuse of discretion.  Oles
v. State, 993 S.W.2d 103 (Tex.Cr.App.1999).  An abuse of discretion occurs when the trial court acts without
reference to any guiding rules or principles or acts arbitrarily or
unreasonably.  Montgomery v. State,
810 S.W.2d 372 (Tex.Cr.App.1991).

Article 38.22 provides in relevant part: 

Sec. 2. No
written statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is
shown on the face of the statement that:

 

(a) the
accused, prior to making the statement, either received from a magistrate the
warning provided in Article 15.17 of this code or received from the person to
whom the statement is made a warning that:

 

(1) he has
the right to remain silent and not make any statement at all and that any
statement he makes may be used against him at his trial;

 

(2) any
statement he makes may be used as evidence against him in court;

 

(3) he has
the right to have a lawyer present to advise him prior to and during any
questioning;

 

(4) if he
is unable to employ a lawyer, he has the right to have a lawyer appointed to
advise him prior to and during any questioning;  and

 

(5) he has
the right to terminate the interview at any time; and

 

(b) the
accused, prior to and during the making of the statement, knowingly,
intelligently, and voluntarily waived the rights set out in the warning
prescribed by Subsection (a) of this section.

 

TEX. CODE
CRIM. PRO. ANN. art. 15.17 (Vernon Supp. 2003) provides in relevant part:








(a) In
each case enumerated in this Code, the person making the arrest or the person
having custody of the person arrested shall without unnecessary delay, but not
later than 48 hours after the person is arrested, take the person arrested or
have him taken before some magistrate of the county where the accused was
arrested....The magistrate shall inform in clear language the person
arrested...of the accusation against him and of any affidavit filed therewith,
of his right to retain counsel, of his right to remain silent, of his right to
have an attorney present during any interview with peace officers or attorneys
representing the state, of his right to terminate the interview at any time,
and of his right to have an examining trial. 
The magistrate shall also inform the person arrested of the person=s right to request the appointment of counsel
if the person cannot afford counsel. 
The magistrate shall inform the person arrested of the procedures for
requesting appointment of counsel.

 

On May 3, 2001, at 3:35 p.m., a magistrate issued a
statement of warnings to appellant as required by Article 15.17.  At 5:10 p.m. that same day, appellant gave a
statement that he, at the time, claimed to be voluntary and that, on the face
of which, he acknowledged to have been advised as follows:

1.  I have the right to remain silent and not
say anything;

 

2.  Any oral or written statement I make may be
used as evidence against me in court;

 

3.  I have the right to have a lawyer present to
advise me prior to and during any questioning by peace officer (sic) or
attorney=s (sic) representing the state;

 

4.  If I am too
poor to hire a lawyer, then the court will appoint a lawyer for me free of
charge and he he (sic) can advise me before and during any questioning;

 

5.  I can decide to talk with anyone and I can
stop talking to them at any time I want; and prior to and during the making of
this statement I knowingly, intelligently, and voluntarily, waive those rights
set forth in this document and having knowingly, intelligently and voluntarily
waived those rights, I do hereby make the following free and voluntary
statement: [Here appellant details how he pulled his girlfriend=s 3-year-old son from the couch allowing his
head to hit the floor; how he continued to drag the victim around by his feet,
slamming his head into various walls in the house; how he stuck his middle
finger Aup [the victim’s] a-s” to punish him; and how
he had inflicted punishment on the victim and the victim=s brother in the past by squeezing each boy=s penis. 
Appellant also stated that, even though he wanted to kill the victim for
a moment, he was sorry that he had killed him.].

 








Article
38.22 prohibits the admissibility, in a criminal proceeding, of the written
statement of an accused made as the result of custodial interrogation, unless
it is shown on the face of the statement that the accused had received either
the warning set forth in Article 15.17 or the warning set forth in Article
38.22.  Here, appellant received both
warnings.[1]  However, it is appellant=s position on appeal that the warnings given
to appellant were not satisfactory under Article 38.22.

Although
he discusses various factual matters in his brief, appellant=s issue is directed at the insufficiency of
the warnings under Article 38.22; and we are confined to that issue.  Our review centers upon a determination of
whether the warnings Asubstantially
complied@ with Article 38.22.  Warnings that convey, on the face of the
statement, the exact meaning of the statute are sufficient to comply with the
statute although the warnings contain slightly different language.  Cockrell v. State, 933 S.W.2d 73,
90-91 (Tex.Cr.App.1996), cert. den=d, 520 U.S. 1173 (1997); Penry v. State, 691 S.W.2d 636, 643
(Tex.Cr.App.1985).

Appellant
points out that, while the statement signed by appellant contained the
words:  AI have the right to remain silent and not say anything,” the Article
15.17 warning first given to appellant said nothing about appellant=s right not to make any statement at
all.  Further, appellant argues that
neither the warning on the face of the statement signed by him nor the warning
administered to him by the magistrate contained the words Aat trial” as set forth in Article
38.22(2)(a)(1) and that the warning given on the face of the statement, as well
as the one given by the magistrate, do not contain the words Aat trial” but rather use the words Ain court.” 


In Cockrell,
the defendant made much the same complaint as appellant makes in this
case.  There, each page of the statement
given by the defendant contained the following language: 

I have the right to have a lawyer present, to
advise me either prior to any questioning and during any questioning;  and that if I am unable to employ a lawyer,
I have a right to have a lawyer appointed to counsel with me prior to and
during any questioning, and that I have the right to remain silent and not make
any statement at all; and further, that any statement I make may be used in
evidence against me at trail (sic) that if I decide to talk with any
one, I can, and that I can stop talking to them at any time I want; the above
rights are continuing rights which can be urged by me at any stage of the
proceedings, and I do hereby voluntarily waive these rights and give to the
said [name omitted], the person to whom this statement is being made the
following statement.  (Emphasis in
original)

 

Cockrell v. State, supra at 90-91.

 








The
defendant claimed that the warnings failed to comply with Article 38.22 because
they did not reflect that the defendant=s statement could be used against him Ain court.”  The court held that
the warnings on the face of the statement substantially complied with Article
38.22(2)(a)(1) & (2) and that the trial court did not err in admitting the
defendant=s confession.  Cockrell v. State, supra at 91 (citing Sosa v. State,
769 S.W.2d 909, 916 (Tex.Cr.App.1989)). 

This issue
has also been addressed by the Texarkana Court of Appeals.  There, the defendant was advised as follows:

You have the right to have a lawyer present
or advise you either prior to any questioning or during any questioning.  If you are unable to employ a lawyer, you
have the right to have a lawyer appointed to counsel with you prior to or
during any questioning.  And you have
the right to remain silent and not make any statement at all.  That any statement you make may and probably
will be used as evidence against you at your trial.  And you have the right to terminate the interview at any
time.  

 

Buckley v. State, 46 S.W.3d 333, 337 (Tex.App. - Texarkana
2001, pet=n dism=d, untimely filed).  In
upholding the warning, the Texarkana Court said:

The terms Aat his trial” and Ain court” communicate the same meaning.  A trial in a broad sense covers hearings and
other matters heard by the courts, including what is generally referred to as
the Atrial on the merits.”  This term fully apprises the accused that
any statements he makes can be used in a case against him.  This warning substantially complies with the
requirements of the statutes governing admission of an accused=s statements and is the fully effective
equivalent of the statutory warnings. 

 

Buckley v. State, supra at 338.

We agree
with the holding in Buckley.  Insofar
as the words Ain court” or Ain trial” are concerned, the warning given to appellant substantially
complied with the requirements of Article 38.22(2)(a).  See also Campbell v. State,
885 S.W.2d 528 (Tex.App. - El Paso 1994, no pet=n); Williams v. State, 883 S.W.2d 317 (Tex.App. - Dallas 1994,
pet=n ref=d); Pena v. State, 832 S.W.2d 697 (Tex.App. - Corpus Christi
1992, pet=n ref=d).  But see State v. Subke,
918 S.W.2d 11 (Tex.App. - Dallas 1995, pet=n ref=d)(we note that Subke was decided
prior to the court=s
decision in Cockrell).








Appellant
also contends that the warnings which he received were faulty in that there was
no reference to his right to Aterminate” the interview.  The
warning given on the face of the statement in this case contained no reference
to the word Aterminate.” 
As stated earlier, the statement here contained these warnings: A(1) I have the right to remain silent and not
say anything....(5) I can decide to talk with anyone and I can stop talking to
them at any time I want.”  Appellant
argues that these warnings are not sufficient; he should have been told that he
could stop the questioning, not merely the answering.  In White v. State, 779 S.W.2d 809, 826 (Tex.Cr.App.1989),
the accused was warned that:  A1. You have the right to remain silent....5.
If you desire to make a statement or answer questions, you have the right to
stop at any time.”  The court held that
there was substantial compliance with Article 38.22.  The court cited Penry to reiterate its position that
warnings which convey on the face of a statement the exact meaning of the
statute, but in slightly different language, are sufficient to comply with the
requirements of the statute.  See
Penry v. State, supra. 

Because
the warnings given to appellant substantially complied with Article 38.22, the
trial court did not abuse its discretion when it overruled appellant=s motion to suppress.  Appellant=s sole issue on appeal is overruled. 

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Appellant had given an earlier statement, but that
statement is not involved in this appeal.