In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00159-CR


______________________________




JESSIE JOE PAYAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 159th Judicial District Court


Angelina County, Texas


Trial Court No. CR-27083




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter


 Concurring Opinion by Justice Moseley


MEMORANDUM OPINION



 Jessie Joe Payan was convicted by a jury of four counts of indecency with a child and
sentenced to twelve years' confinement. Payan brings this appeal urging that the trial court erred by
commenting on the weight of the evidence in a jury charge instruction. (1) We agree error was
committed, but finding the harm that resulted was not egregious, we affirm the judgment of the trial
court.

I. Factual and Procedural Background

 Having received reports of a sexual crime by Payan, Detective David Cross of the Lufkin
Police Department requested that Payan come to the police station for an interview. When Payan
arrived, Cross advised him that he was free to leave, was not under arrest, and could stop the
interview. But Cross did not tell Payan that he was recording the interview. When the discussion
was completed, Payan left and was arrested thirteen days later on charges which were the subject of
the interview. 

 The State offered the videotaped interview into evidence and, after establishing that Payan
was not told it would be recorded, Payan moved the court to disallow the recording contending that
the failure to notify him that it would be recorded resulted in his making an involuntary statement. 
The trial court overruled this objection, but stated that an instruction regarding the voluntariness of
the statement would be submitted to the jury. After the evidence was concluded, the State requested
the court to add to the typical instruction on voluntariness of a statement the following: "The law
does not require that a suspect be informed by a peace officer that his statement is being recorded
electronically." The trial court so instructed the jury. 

II. Preservation of Error 

 When the trial court gave Payan an opportunity, Payan did not object to this instruction, but
offered the trial court an entire omnibus proposed charge, consisting of fifteen pages of instructions. 
Payan did not call to the court's attention that his proposed charge did not contain the additional
instruction concerning voluntariness of the statement, but explained to the court that it was "basically
the same as the State's except for Paragraph 7." (2) Payan argues that this submission of an entire jury
charge, (3) which did not contain the complained-of addition, preserves the alleged error. 

 We disagree. This Court has previously held that, when a party fails to object to an
instruction, the submission on an omnibus charge on the entire case, without more, cannot be seen
as a sufficient, specific request pursuant to Article 36.15 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 36.15 (Vernon 2007); (4) Taylor v. State, 146 S.W.3d 801, 806
(Tex. App.--Texarkana 2004, pet. ref'd) (punishment charge consisting of six pages was not
sufficient to preserve regarding improper parole instruction) (citing Arana v. State, 1 S.W.3d 824
(Tex. App.--Houston [14th Dist.] 1999, pet. ref'd)). Here, not only did Payan fail to object to the
instruction, the further statement to the court that his charge was basically the same as the State's,
except for an issue irrelevant to this discussion, did not apprise the trial court that he was proposing
something different. Accordingly, we find Payan failed to object to the instruction and must
demonstrate that the jury charge error resulted in "egregious harm" to him to warrant a reversal. See
Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). 

III. Jury Charge Error 

 In analyzing a jury charge complaint, we first determine (1) whether error exists in the charge
and, then, if charge error is found (2) whether sufficient harm resulted from the error to compel
reversal. Ngo v. State, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). The degree of harm
necessary for reversal depends on whether the defendant raised the objection below. Id. at 743. 
When a defendant fails to object, we will not reverse unless the record shows that the defendant
suffered "egregious harm." Id. at 743-44; Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004)
(holding also that affirmative denial of objection is equivalent to failure to object to jury charge
error). 

 The additional instruction given that "the law does not require a suspect be informed by a
peace officer that his statement is being recorded electronically" is a correct statement of law. 
Article 38.22 no longer contains this requirement. See Tex. Code Crim. Proc. Ann. art. 38.22 , § 3
(Vernon 2007); Moore v. State, 882 S.W.2d 844, 846 (Tex. Crim. App. 1994). Further, the evidence
demonstrates that Payan's statement was not taken during a custodial interrogation. But, whether
the statement is a legally correct one is not the issue in this case. Many instructions requested both
by the State and a defendant are correct statements of the law, but are not proper jury instructions. 
The Texas Court of Criminal Appeals has explained that even a seemingly neutral instruction may
violate Article 36.14 by singling out a particular piece of evidence for special attention. Rocha v.
State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000). In Rocha, the defense requested an instruction on
the voluntariness of a confession that advised the jury that, if the defendant was ill, medicated, or
physically or mentally incapacitated to the extent as to render his or her confession involuntary, the
jury should disregard it. Id. In finding this an improper instruction, the court stated: "Even a
seemingly neutral instruction about a particular type of evidence constitutes an impermissible
comment on the weight of the evidence in violation of Article 36.14 because such an instruction
singles out a particular piece of evidence for special attention." Id. (citing Matamoros v. State, 901
S.W.2d 470 (Tex. Crim. App. 1995)); see also Penry v. State, 903 S.W.2d 715, 748 (Tex. Crim.
App. 1995) (special instruction singling out issue of mental retardation in determining voluntariness
of confession was improper). 

 Payan relies on Rocha, but the State made no attempt to explain why its rationale is not
applicable in this case. Indeed, the State's brief fails to even cite Rocha. 

 Recently, the Texas Court of Criminal Appeals has reaffirmed that an instruction focusing
on a particular factor that may render a statement involuntary is an impermissible comment on the
weight of the evidence. Gallo v. State, 239 S.W.3d 757, 769 (Tex. Crim. App. 2007). A corollary
of that proposition applies--an instruction that focuses on a particular factor that may render a
statement voluntary is an impermissible comment on the weight of the evidence. 

 This instruction focuses on a particular factor (taping did not have to be disclosed to Payan)
that might help persuade the jury the statement was a voluntary one. The State recognized this
instruction was useful in convincing the jury that the statement was a voluntary one when it
specifically referred to this instruction during its argument on voluntariness. The additional
instruction was an erroneous comment on the weight of the evidence. 

IV. Egregious Harm 

 Having determined that there was error in the charge, the issue is whether sufficient harm was
caused by the error to require a reversal. See Hutch v. State, 922 S.W.2d 166, 170-71 (Tex. Crim.
App. 1996). The standard to determine whether sufficient harm resulted from the charging error to
require reversal depends on whether the appellant objected. See Olivas v. State, 202 S.W.3d 137,
144 (Tex. Crim. App. 2006) (interpreting Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op. on reh'g)). 

 Because Payan did not object at trial to the error in the court's charge, the issue is whether
the error created such harm that Payan did not have a fair and impartial trial--in short, that
"egregious harm" has occurred. Abdnor, 871 S.W.2d at 731-32; Almanza, 686 S.W.2d at 171; see
Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Hutch, 922 S.W.2d at 171.

 To determine "egregious harm," a reviewing court examines the entire jury charge, the state
of the evidence, including the contested issues and weight of the probative evidence, the arguments
of counsel, and any other relevant information revealed by the record of the trial as a whole. The
appellant must have suffered actual, rather than theoretical, harm. Errors that result in egregious
harm are described as those that affect the very basis of the case, deprive the defendant of a valuable
right, or vitally affect a defensive theory. Warner v. State, Nos. PD-1680-05, PD-1681-05, 2008 WL
375503, at *2 (Tex. Crim. App. Feb. 13, 2008); see also Hutch, 922 S.W.2d at 171.

 The trial evidence included not only Payan's inculpatory statements, but also the testimony
of the two minors, who detailed the sexual crimes, and an outcry witness. There is no claim that the
evidence is insufficient to support the verdict of the jury. 

 Absent the instruction in question, the charge is unexceptional. The application paragraph
properly instructs the jury concerning the voluntariness of Payan's statement; it contains no other
erroneous or questionable sections and correctly thereafter instructs the jury in applying the criminal
statute to the allegations in this case. Compare Hess v. State, 224 S.W.3d 511, 515 (Tex. App.--Fort
Worth 2007, pet. ref'd). The State did briefly refer to this improper instruction during its jury
argument. 

 Further, there is no other relevant information that indicates Payan suffered egregious harm. 
Payan argues that his statement played a major role in the jury convicting him. But, it is not the
admission of Payan's statement that is at issue, as no challenge is made to its admissibility, but to the
additional instruction. There is no evidence to show how Payan's lack of knowledge of the taping
affected his decision to speak to the officer. After examining the evidence, the jury charge,
arguments of counsel, and relevant information, it does not appear that the trial court's improper
emphasis of this particular evidence affected the very basis of the case, deprived Payan of a valuable
right, or vitally affected a defensive theory. Egregious harm has not been shown.

 We affirm the judgment of the trial court.


 Jack Carter

 Justice



CONCURRING OPINION


 During trial, Payan had made it plain that he (erroneously) believed that if a person has not
been previously informed by law enforcement officers that an interview with them is being taped,
that lack of forewarning renders the resulting recording inadmissible in the same fashion as an
involuntary statement. This issue was the subject of a hearing outside the presence of the jury. At
the time the trial court overruled this objection, it noted that Payan's defense counsel could still argue
the voluntariness of this statement to the jury.

 Because Payan had strenuously advanced this argument during trial, the trial court could
reasonably assume that there was a substantial likelihood that Payan would raise this same
contention in closing arguments to the jury. (One might assume that this would, indeed, have been
done if the trial court had not included an instruction to the jury that a warning to an interviewee that
a recording was being made was not a necessary predicate to the admissibility of the recording.) Had
that argument been made, the jury could easily have been confused as to appropriate law concerning
the voluntariness of the statements contained in the recording. 

 Article 36.14 of the Texas Code of Criminal Procedure dictates that the trial judge is to
deliver the jury a "a written charge distinctly setting forth the law applicable to the case." Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon 2007). Trial judges are not automatons; as such, they are not
forced to rely solely on printed forms for their instructions to a jury. No form book is going to
include paragraphs or instructions pertaining to every possible circumstance in which the application
of law to the facts of the case needed to be explained to a jury. 

 The safer course for a trial court is to remain along the well-traveled path in jury charges
because precipices of error yawn on the sides of the regular paths which are trod. However, it is also
necessary to provide a jury with the information about the law which it needs to arrive at a proper
conclusion. Given the particular circumstances of this case, I believe that the trial court did nothing
more than that. The majority has found that the instruction was error, but that the error was
harmless; I would find that no error was committed.



 Bailey C. Moseley

 Justice


Date Submitted: March 24, 2008

Date Decided: May 23, 2008


Do Not Publish

 
1. "
[T]he judge shall, before argument begins, deliver to the jury . . . a written charge distinctly
setting forth the law applicable to the case; not expressing any opinion as to the weight of the
evidence . . . ." Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).
2. Paragraph 7 of Payan's proposed charge was an instruction that the jury should acquit if it
found the touching to have been accidental or if it was done with no intent to arouse or gratify sexual
desires. 
3. We further note other problems with Payan's proposed charge--it contained a definition of
"reasonable doubt" that the Texas Court of Criminal Appeals has rejected. Paulson v. State, 28
S.W.3d 570, 573 (Tex. Crim. App. 2000).
4. "The defendant may, by a special requested instruction, call the trial court's attention to error
in the charge, . . . and no other exception or objection to the court's charge shall be necessary to
preserve any error reflected by any special requested instruction which the trial court refuses." See
Tex. Code Crim. Proc. Ann. art. 36.15. 



t. Haddad's response to Stankovich was an
indirect admission that the bill was his and that he passed it to Luttrell. Luttrell testified she
or her supervisor gave the bill to Stankovich. Stankovich testified specifically to receiving
the bill passed to Luttrell. We believe the evidence sufficiently established that the two bills
admitted into evidence were what the State claimed them to be: counterfeit bills passed
by Haddad at the Lone Star Park on the occasion in question.
          Haddad, nonetheless, points out that Luttrell said her supervisor put a black mark
on the bill Luttrell received and that neither of the bills introduced into evidence had a black
mark on it. He fails to point out, however, where in the record he objected to this evidence
on this basis. See Tex. R. App. P. 33.1 (preservation of error; how shown), 38.1(h)
(appellant's brief must cite to record where error preserved). Further, when testifying
concerning how the supervisor tested this bill, Haddad said that she had a "machine" and
that she put the bill "on the machine." He made no mention of the bill being marked.
          The trial court's ruling admitting these bills into evidence was within the zone of
reasonable disagreement, and no abuse of discretion has been shown. Haddad's first
point of error is overruled.           
Proof of Same Complainant as Alleged in the Indictment
          Haddad next contends there is a fatal variance between the complainant's name
alleged in the indictment and the name of the complainant proven at trial. The indictment
alleges that Haddad passed the counterfeit bill to Stankovich, but the proof at trial showed
it was first passed to Luttrell. Although not specified in his brief, we assume Haddad
contends that, because of this alleged variance, the evidence is legally insufficient.
          In reviewing the legal sufficiency of the evidence, we examine the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. When
legal sufficiency of the evidence is challenged based on a variance between the charge
and the proof, we review the variance for materiality, because only a "material" variance
will render the evidence insufficient. See Smith v. State, 135 S.W.3d 259, 262 (Tex.
App.—Texarkana 2004, no pet.); Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App.
2001). The variance in this case was not material; therefore, the evidence was not legally
insufficient because of that variance.As noted above, Haddad indirectly admitted to Stankovich, and directly admitted in
his own testimony at trial, that he passed the bogus $100.00 bill to Luttrell. Luttrell, or her
supervisor, gave the bill to Stankovich. Stankovich testified in his capacity as director of
security at Lone Star Park and said that all counterfeit bills passed at the park are normally
sent to him. He specifically testified to receiving the bill that was passed to Luttrell.
          Both Haddad and the State cite Dukes v. State, 742 S.W.2d 472 (Tex. App.—Dallas
1987, pet. ref'd), in their respective briefs before this Court. In Dukes, the court held that:
[W]hen an individual presents an instrument for cashing at some business
location, he not only passes it to the person to whom he first gives it for that
purpose, but he also intends to pass the instrument to the person on the
premises who has authority to carry out the transaction. If the person to
whom he first passes the instrument is without authority to cash it, the
presenter impliedly authorizes that individual to give the instrument to
another individual who can effect encashment. 

Id. at 474.

          Haddad argues against application of this holding in the instant case because there
was no showing that Stankovich had authority to cash the instrument. We find this
argument unpersuasive. 
          In Parker v. State, 985 S.W.2d 460 (Tex. Crim. App. 1999), Parker was charged and
convicted for passing a forged writing to Scott Baker. The evidence showed that Parker
had attempted to purchase tires and wheels with the forged instrument by first passing it
to the salesman, Bret Followill. Followill took the check to Baker, the store manager. 
Baker testified he was the only employee authorized to accept checks. In rejecting
Parker's contention there was a fatal variance between the indictment and the evidence,
the Texas Court of Criminal Appeals quoted Watson v. State, 718 S.W.2d 892 (Tex.
App.—Beaumont 1986, pet. ref'd), for the proposition that "it is the intent of the person
passing the forged instrument which is at issue in a forgery case, not whether the passee
will accept and give value for the instrument." Parker, 985 S.W.2d at 463. The Texas
Court of Criminal Appeals reiterated that the focus in a case of passing a forged instrument
is on the intent of the accused, not the actions of the recipient. Id. at 464. The court went
on to conclude that "an instrument is passed within the meaning of the forgery statute if it
is delivered or circulated." Id. 
          Based on Parker, we find it immaterial that there was no showing that Stankovich
had authority to cash the instrument. Haddad's second point of error is overruled.
Legal Sufficiency of the Evidence
          Haddad next contends the evidence is legally insufficient to sustain his conviction
because there was no evidence the $100.00 bill in issue purported to be the act of another
who did not authorize the act. 
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
          Haddad's contention under this point is based on his earlier contention that the two
$100.00 bills introduced into evidence were not properly authenticated. In overruling his
earlier point of error, we concluded that the bill reflecting the same serial number as the
bill alleged in the indictment was properly authenticated. Therefore, the testimony of
Steele was legally sufficient to show that bill purported to be the act of another who did not
authorize the act. Concerning that specific $100.00 bill, Steele testified as follows:
Q.- - [I]s that a writing . . . purporting to [be] the act of the United States
Treasury Department, who did not authorize the act?
 
A.That's correct.
 
Q.And   is   that   writing   what   appears   to   be   an   issue   of
 money,  to-wit: . . . one one-hundred dollar Federal Reserve note of the
United States of America?

          A.       It is.

          . . . .
 
Q.. . . And the writing purports to be but is not a part of an issue of
money issued by the United States Treasury Department?

          A.       That's correct.

          We find this evidence legally sufficient and overrule Haddad's contention.
Factual Sufficiency of the Evidence
          Haddad next contends the evidence is factually insufficient to establish that he
possessed the intent to defraud or harm. While acknowledging such intent may be
established by circumstantial evidence, Haddad emphasizes that there is no direct
evidence he knew the bills were counterfeit when he made his bets and that he passed a
polygraph examination to this effect. 
          In a factual sufficiency review, the appellate court views all the evidence in a neutral
light and determines whether the evidence supporting the verdict is too weak to support
the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is
strong enough that the beyond-a-reasonable-doubt standard could not have been met.
Threadgill v. State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State,
144 S.W.3d 477, 486 (Tex. Crim. App. 2004). If the evidence is factually insufficient, then
we must reverse the judgment and remand for a new trial. Clewis v. State, 922 S.W.2d
126, 135 (Tex. Crim. App. 1996).
          According to Luttrell, Haddad exited the pavilion when her supervisor determined
the $100.00 bill Haddad had passed was bogus. When permitted to explain her
impression of Haddad’s conduct, Luttrell testified:
                     A.       . . . [H]e knew [it] wasn't real when he left the building.
                     . . . .
                     Q.       What is it about his behavior and what you observed of
                     his demeanor that made you believe that? 
 
                     A.       He didn't wait to get his money back; you know, he didn't 
                     wait on the hundred-dollar bill. That's a lot of money.

          Haddad first told Stankovich he obtained the bill he passed to Luttrell at a black
market in Beirut. He denied to Stankovich and again to the police that he had any other
counterfeit bills on his person. After being caught at the police station taking three—or five,
according to Haddad's testimony—other bogus $100.00 bills from his shoe, his explanation
then was that his son had put all those bills in Haddad’s jacket back in Lebanon the day
before Haddad traveled to the United States.
          The fact that Haddad passed a polygraph examination lessens the sufficiency of the
evidence only minimally. The United States Supreme Court has written, "there is simply
no consensus that polygraph evidence is reliable." United States v. Scheffer, 523 U.S.
303, 309 (1998). In Texas, a trial court may not admit, over objection, polygraph
examination evidence or consider it for any purpose. Wright v. State, 154 S.W.3d 235, 238
(Tex. App.—Texarkana 2005, pet. ref'd); Buckley v. State, 46 S.W.3d 333, 336 (Tex.
App.—Texarkana 2001, pet. dism'd, untimely filed). 
          Viewing all the evidence in a neutral light, we cannot say the evidence supporting
the verdict is too weak to support the finding of guilt beyond a reasonable doubt, or that the
evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Haddad's point of error is overruled.
Failure to Follow Article 42.07 at Sentencing
          Haddad's fifth and final point of error complains that the trial court failed to follow the
dictates of Tex. Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2005) at sentencing by
failing to inquire whether Haddad had any reason why sentence should not be pronounced
against him. Haddad contends that, because he was denied the opportunity to articulate
any reason that would bar sentencing, he should have a new punishment hearing.
          The  record  shows  Haddad  did  not  object  at  trial  to  this  failure.  See  Tex.  R.
App. P. 33.1. Accordingly, he waived any error. Tenon v. State, 563 S.W.2d 622, 623
(Tex. Crim. App. 1978). Further, the written judgment contains the following recitation: 
Thereupon the said defendant was asked by the court whether he had
anything to say why said sentence should not be pronounced against him,
and he answered nothing in bar thereof.

This point of error is overruled.

Conclusion

          We affirm the judgment.




                                                                           Donald R. Ross
                                                                          Justice

Date Submitted:      April 24, 2006
Date Decided:         May 24, 2006

Do Not Publish